```
___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
            COUNSEL/PARTIES OF RECORD

         DEC 2 8 2010

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY:                          DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAWN BURKE et al., ) | |
| Plaintiffs, ) | |
| vs. ) | 3:09-cv-00653-RCJ-VPC |
| LITTON LOAN SERVICING et al., ) | ORDER |
| Defendants. ) | |

This case arises out the foreclosure of Plaintiff Timothy and Dawn Burke's ("the Burkes") mortgage, as well as the foreclosure of Russell and Shirley Smith's ("the Smiths") mortgage. Pending before the Court are eight motions: six motions to dismiss, a motion to remand, and a motion to stay. For the reasons given herein, the Court denies the motion to remand, denies the motion to stay as moot, and grants the motions to dismiss.

I.  FACTS AND PROCEDURAL HISTORY

   A.  The Burkes

On February 20, 2004, the Burkes gave lender Fremont Investment & Loan ("Fremont") a thirty-year, adjustable rate promissory note in the amount of $318,750 to refinance real property located at 4695 Cavataio Cr., Reno, NV 89704 ("the Burke Property"), secured by a deed of trust ("DOT") against the Burke Property. (*See* Burke DOT 1–3, Feb. 20, 2004, ECF No. 1-6, at 35). The trustee on the DOT is First American, and Mortgage Electronic Registration Systems, Inc. ("MERS") is listed as "nominee" and "beneficiary." (*See id.* 2). Plaintiffs allege that on March 5, 2009, Quality Loan Service Corp. ("QLS") sent the Burkes a Notice of Default ("NOD"). (*See*

Compl. ¶ 32, Oct. 16, 2009, ECF No. 1-1, at 7). They allege the Burke Property was sold in early July of 2009 to HSBC Bank, N.A. ("HSBC"), as trustee for a mortgage-backed security. (*See id.* ¶¶ 34–35). The Burkes do not appear to allege a lack of default. In its motion to dismiss, QLS alleges it was properly substituted as trustee before it filed the NOD. (*See* Mot. Dismiss 4, Jan. 31, 2010, ECF No. 31). However, it does not appear that any party has adduced a copy of such a substitution, or even a copy of the NOD itself, into the record. Without evidence of who filed the NOD, and whether that entity (if not the original beneficiary or trustee) had been properly substituted beforehand, the Court cannot determine if the foreclosing entity has complied with Nevada Revised Statutes section 107.080(2)(c). Failure to comply with this statute will support an injunction unless and until the statutory defect is cured, although it will not support damages under a wrongful foreclosure theory where there is no lack of default. Here, Plaintiffs allege the Burke Property has already been sold, however, so an injunction against sale is not possible.

### B. The Smiths

On February 13, 2006, the Smiths gave lender Fremont a thirty-year, adjustable rate promissory note in the amount of $360,000 to refinance real property located at 14255 W. Windriver Ln., Reno, NV 89511 ("the Smith Property"), secured by a DOT against the Smith Property. (*See* Smith DOT 1–3, Feb. 13, 2006, ECF No. 1-7, at 21). The trustee on the DOT is First Centennial Title ("First Centennial"), and MERS is listed as "nominee" and "beneficiary." (*See id.* 2). Plaintiffs allege that on October 7, 2009, Carrington Mortgage Services, LLC ("Carrington") sent the Smiths a "Notice of Intent to Foreclose." (*See* Compl. ¶ 40). The Smiths do not appear to allege a lack of default. In its motion to dismiss, Carrington alleges no NOD has ever been filed against the Smith Property by Carrington or any other entity, to its knowledge. (*See* Mot. Dismiss 2, Jan. 22, 2010, ECF No. 35).

Plaintiffs sued Defendants HSBC, QLS, Litton Loan Servicing, LP ("Litton"), MERS,

1  First Centennial, and Carrington in state court, asserting six causes of action. Defendants
2  removed. The case was transferred to Case No. 2:09-md-2119-JAT in the District of Arizona,
3  and this Court stayed the case pending remand. In accordance with the Judicial Panel on
4  Multidistrict Litigation's ("JPML") partial remand order, Judge Teilborg has determined that part
5  of the second, fifth, and sixth causes of action (insofar as they do not concern MERS) have been
6  remanded to this Court. (*See* Am. Order 8:6–8, Apr. 23, 2010, ECF No. 46). The Court may
7  therefore rule on the following causes of action without a risk of inconsistent rulings by the MDL
8  court: (2) Fraud in the Inducement (based on failure to disclose loan terms at closing); (5) Unjust
9  Enrichment; and (6) Injunctive and Declaratory Relief.

## II. LEGAL STANDARDS

### A. Remand for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen*, 511 U.S. at 377. Federal Rule of Civil Procedure 12(b)(1) provides an affirmative defense for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Additionally, a court may raise the question of subject matter jurisdiction sua sponte at any time during an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

A district court's jurisdiction extends to cases removed from state court under particular circumstances. 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the

1  United States shall be removable without regard to the citizenship or residence of the parties.
2  Any other such action shall be removable only if none of the parties in interest properly joined
3  and served as defendants is a citizen of the State in which such action is brought."). In cases
4  removed from state court, a federal court later finding a lack of subject matter jurisdiction does
5  not dismiss, but must remand to state court. 28 U.S.C. § 1447(c). A decision to remand a case
6  removed on any other basis than civil rights removal jurisdiction under 28 U.S.C. § 1443 "is not
7  reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

8  A defect in removal exists where jurisdiction is predicated purely on diversity and one or
9  more defendants is a citizen of the forum state. *See* § 1441(b). This is the "forum defendant"
10  rule. However, the citizenship of a defendant who has been fraudulently joined is discounted.
11  *Ritchie v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Where fraudulent joinder is
12  alleged, a court does not take the allegations of citizenship in the complaint as true but permits
13  the defendant seeking removal to present facts showing fraudulent joinder. *See id.* "Joinder is
14  fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the
15  failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris* USA, 582
16  F.3d 1039, 1043 (9th Cir. 2009) (citations and internal quotation marks omitted) (alteration in
17  original).

18  **B.  Rule 12(b)(6)**

19  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
20  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
21  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
22  (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
23  that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule
24  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
25  F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

///

III. ANALYSIS

A. Motions to Remand and to Stay

Plaintiffs argue that there are no federal claims pled. Defendants argue that the state law claims nevertheless arise under the laws of the United States because they depend on resolution of substantial questions of federal law, particularly violations of TILA, HOEPA, and RESPA. Those statutes govern the requirements of disclosures at signing, and failure to disclose terms of the loan is the gravamen of the Complaint. Defendants are correct.

Plaintiffs also allege a lack of diversity because First Centennial is a Nevada LLC. Defendants argue First Centennial is fraudulently joined. Defendants are correct that there is no allegation in the Complaint against First Centennial. It is simply listed as the trustee on the Smiths' DOT, but it is not alleged to have participated in closing or engaged in any other wrongdoing. Because it is clear under state law that no cause of action lies against First Centennial based on the allegations in the Complaint, it is fraudulently joined and its presence does not defeat diversity.

Plaintiffs also argue that the amount-in-controversy requirement is not satisfied because Defendants only stand to lose the ability to foreclose. The amount in controversy is determined, however, by the value of the subject matter of the lawsuit—the Burke Property and the Smith Property—which each clearly exceed $75,000. Furthermore, Plaintiffs have prayed for compensatory and punitive damages, as well as permanent injunctions against either foreclosure or collection, essentially asking the Court to declare that Plaintiffs own the properties free and clear.

The Court denies the motion to remand. Finally, the motion to stay is denied as moot because it simply requests a stay pending the decision on transfer by the JPML, an order which has since been issued.

///

### B. Motions to Dismiss

#### 1. Fraud in the Inducement

Plaintiffs allege Litton, Carrington, and others failed to disclose the material terms of the loan at closing. This cause of action is implausible on its face, because it is not disputed that Fremont was the lender of both loans at issue in this case. Except in the case of corporate succession, certain product-injury claims, or statutorily imposed liability, the assignee or purchaser of an asset does not become vicariously liable for its predecessor's fraud or other torts without an explicit contractual agreement to assume such liability. *See Henkel Corp. v. Hartford Accident & Indem. Co.*, 62 P.3d 69, 73–74 (Cal. 2003). No such circumstances are pled, and Fremont is not joined as a Defendant. And even assuming successor liability applied, Plaintiffs' own attachments to the Complaint—the notes and deeds of trust—show that the loan terms were disclosed. The Court dismisses this cause of action insofar as it has been remanded.

#### 2. Unjust Enrichment

In Nevada, the elements of an unjust enrichment claim or "quasi contract" are: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment. *See Leasepartners Corp., Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (quoting *Unionamerica v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981) (quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo. 1967))). Unjust enrichment is an equitable substitute for a contract, and an action for unjust enrichment therefore cannot lie where there is an express written agreement. *See Marsh*, 839 P.2d at 613 (citing *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977); 66 Am. Jur. 2d *Restitution* §§ 6, 11 (1973)).

Here, Plaintiffs specifically allege contracts. Those contracts, the notes and deeds of trust, specify their terms. Plaintiffs do not allege any benefit bestowed by them upon any

Defendant that is not governed by a contract. The Court dismisses this cause of action insofar as it has been remanded.

### 3. Injunctive and Declaratory Relief

The Court grants the motions to dismiss as to these causes of action insofar as they have been remanded because none of the other causes of action that have been remanded survive such that these measures of relief are possible based on them.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 33) is DENIED as moot.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 31, 35, 48, 49, 50, 52) are GRANTED as to the second, fifth, and sixth causes of action, insofar as they do not concern MERS, and DENIED as to the remaining causes of action for lack of jurisdiction, as these currently remain with Judge Teilborg in Case No. 2:09-md-02119-JAT in the District of Arizona.

IT IS SO ORDERED.

Dated: December 28, 2010

_____
ROBERT C. JONES
United States District Judge