# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAWN BURKE et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 3:09-cv-00653-RCJ-VPC |
| ) | |
| LITTON LOAN SERVICING et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This case arises out the foreclosure of two residential mortgages. The case is part of Case No. 2:09-cv-02119-JAT in the District of Arizona. After Judge Teilborg partially remanded the case, the Court dismissed the remanded claims. However, because it appeared that the foreclosure of the Smiths' property may have been statutorily improper, the Court enjoined foreclosure for 100 days contingent on the Smiths making three monthly interim payments while they attempted to negotiate a mortgage modification with Defendants, with the first interim payment due on December 29, 2010.

Defendants have now moved to lift the stay to permit foreclosure. They note that the Smiths made only one interim payment and never showed up to mediation within the allotted 100 days. Defendants, however, chose not to move to enforce the interim payments or lift the stay, but rather entered into mediation with the Smith's temporary counsel because their original counsel had declined to represent them during mediation. At the mediation in June 2011, the parties agreed to three-months of trial payments at $1790, with payments due August 1, September 1, and October 1. The agreement was by its terms to become effective upon the

1  Smiths' return of a signed copy of the agreement and remittance of the first payment thereunder.
2  But the Smiths never made any payment or returned a signed copy of the agreement.  Defendants
3  have therefore moved to dismiss so they can proceed with foreclosure.

4  In response, the Smiths argue that they produced all financial statements Defendants
5  requested before mediation, but they do not deny they failed to make the interim payments
6  required by the Court's order, and they do not allege that they made payments under (or signed
7  and returned) the modification offer.  Plaintiffs' counsel simply accuses Defendants' counsel of
8  "whining and complaining" and argue that the case is "ripe for discovery" and should not be
9  dismissed.

10  Finally, the Smiths ask the Court to release an unspecified amount of "bond."  The docket
11  does not appear to indicate any bond or any other deposit of funds with the Court having been
12  posted by any party for any reason.  The interim payment the Smiths made was not a "bond."  It
13  was a payment due under the mortgage that was required to be made in equity during the
14  injunction period in exchange for staying foreclosure despite Plaintiffs' past default.

### CONCLUSION

16  IT IS HEREBY ORDERED that the Motion to Lift the Temporary Stay and Dismiss
17  (ECF No. 90) is GRANTED.  Only those claims remanded from the MDL Case are dismissed.
18  Several fraud-related claims presumably remain in the MDL Case.  The Clerk will not close the
19  case.

20  IT IS FURTHER ORDERED that the Motion for Release of Funds (ECF No. 93) is
21  DENIED.

22  IT IS SO ORDERED.

23  Dated this 2nd day of September, 2011.

24  _____
25  ROBERT C. JONES
    United States District Judge